

262-07/PJG/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
MUR SHIPPING B.V.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Peter J. Gutowski ( PG 2200)          **JUDGE KARAS**
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x    **'07 CIV 3987**
                                                                  07 CIV (    )
MUR SHIPPING B.V.,

                                    Plaintiff,

                                                                  **VERIFIED COMPLAINT**

                    -against -

CONWILL PAKISTAN PVT LTD.,

                                    Defendant.
-------------------------------------------------------------x

    Plaintiff MUR SHIPPING BV ("MUR SHIPPING"), by its attorneys Freehill

Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant CONWILL

PAKISTAN PVT LTD. ("CONWILL"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure. The case also falls within this Court's admiralty

and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and/or the Arbitration Act,

9 U.S.C. §1 *et seq.* and/or §201 *et seq.* and this Court's federal question jurisdiction

pursuant to 28 U.S.C. §1331.

    2.    At all times relevant hereto, Plaintiff MUR SHIPPING was and still is a

business entity organized and existing under the laws of a foreign country with an office

located at Atrium Building, Strawinskylaan, 3011, NL 10077 ZX, Amsterdam, The Netherlands.

3.    At all times relevant hereto, Defendant CONWILL was and still is a business entity organized under the laws of a foreign country with an address c/o Amstel Shipping BV, Westerhoofd 12, Amsterdam 11013 BS, The Netherlands.

4.    On or about April 19, 2006, Plaintiff MUR SHIPPING as owner, and Defendant CONWILL, as charterer, entered into a maritime contract of voyage charter party on an amended CONGEN form for the use and operation of the M/V SEA POWER ("the Charter Party").

5.    The Charter Party contemplated one voyage involving the transportation of bagged rice from Bin Quasim or Karachi, Pakistan to Moroni, Comoros.

6.    Plaintiff MUR SHIPPING duly tendered the vessel into the service of Defendant CONWILL.

7.    During the performance of the Charter Party, however, Defendant CONWILL unnecessarily delayed discharge operations.   As a result, Defendant CONWILL incurred demurrage, for which it was liable to Plaintiff MUR SHIPPING under the terms of the Charter Party.

8.    The demurrage, which stemmed from the Defendant's delay in the discharge operations, amounted to $106,196.64.

9.    Plaintiff MUR SHIPPING duly demanded full payment from Defendant CONWILL of the outstanding demurrage in the sum of $106,196.64.

10.    Despite due demand, CONWILL, in breach of the Charter Party with MUR SHIPPING, has refused or has otherwise failed to pay the amount demanded by MUR SHIPPING.

11.    Plaintiff MUR SHIPPING has fulfilled all obligations required of it under the Charter Party.

12.    The Charter Party provides that it is to be governed by English law and all disputes between the parties are to be resolved by arbitration in London. MUR SHIPPING has commenced arbitration proceedings in London against CONWILL and expressly reserves herein its right to arbitrate the merits of its claim against CONWILL in accordance with the agreement of the parties.

13.    This action is brought to obtain jurisdiction over the Defendant CONWILL and to obtain security in favor of Plaintiff MUR SHIPPING in respect to its claim against CONWILL and in aid of London arbitration proceedings.

14.    This action is further brought to obtain security for any additional sums to cover Plaintiff MUR SHIPPING's anticipated costs in the arbitration and interest, all of which are recoverable under English law and the rules as applicable to London Arbitration.

15.    Upon information and belief, and after investigation, Defendant CONWILL cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant

CONWILL at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

16.    As nearly as presently can be computed, the total amount sought by Plaintiff MUR SHIPPING to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendant CONWILL include:

|  | Description | Amount USD |
|---|---|---|
| i. | Outstanding demurrage: | $106,196.64 |
| ii. | Interest on the above amount at the rate of 7% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award: | $15,666.45 |
| iii. | Estimated costs and disbursements in connection with the arbitration which are recoverable in London arbitrations and under English law: | GP6,000.00 or $11,909.60 (at the exchange rate of 1BP = 1.98493USD) |
|  | **TOTAL SOUGHT TO BE ATTACHED:** | **$133,772.69** |

for a total claim of **$133,772.69.**

WHEREFORE, Plaintiff MUR SHIPPING prays:

A.    That process in due form of law according to the practice of this Court may issue against Defendant CONWILL, citing it to appear and answer the foregoing; , failing which a default will be taken against it;

B.    That if Defendant CONWILL cannot be found within the District pursuant to Supplemental Rule B, that all tangible and intangible property of Defendant, up to and including the claim of **$133,772.69** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of

credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein served;

C.    That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

D.    That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.


Dated: New York, New York
       May 22, 2007


                              FREEHILL HOGAN & MAHAR, LLP
                              Attorneys for Plaintiff
                              MUR SHIPPING B.V.


                        By:   _____
                              Peter J. Gutowski, (PG 2200)
                              Manuel A. Molina (MM 1017)
                              80 Pine Street
                              New York, NY  10005
                              (212) 425-1900
                              (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York  )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1.     I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.     The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3.     The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
22nd day of May, 2007

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

NYDOCS1/283399.1                    6